Eaton *v.* Bender.

## Eaton v. Bender.

1. A party who furnishes material for the building of a house, but does not follow the directions of the mechanics' lien law, has no lien on the premises entitling him to redeem a mortgage made thereon, nor does he acquire any interest in the premises by reason of his recovery of judgment against the mortgagor after foreclosure and sale.

This was a bill in chancery, filed in the district court for Douglas county. The complainants were four judgment creditors of Henry, who claimed to have furnished to him the materials with which a brick block was built by him on the premises in question. The judgments were recovered upon the indebtedness so incurred. About the time the building was being erected, Henry borrowed from Bender $3,000, to secure which he gave a mortgage on the premises; Henry having made default in the payment of the mortgage, Bender commenced his suit of foreclosure, in which he had a decree of sale. Upon the sale by the master, Bender purchased the premises. This sale being confirmed, a deed was made to Bender, and he went into possession. After all this, the judgments sued on were recovered. The validity of the mortgage and of the proceedings for its foreclosure were charged in the bill to have been fraudulent as to Henry's creditors; but the question thus raised was determined on the evidence, which is too voluminous to set forth. The question most insisted upon was whether, by reason of the fact that the debts for which the judgments were recovered were for materials used in erecting the building on the premises, the plaintiffs had not liens which required them to be made parties to the foreclosure suit in order to cut off their right to redeem even after the sale. A decree was rendered dismissing the bill, and the plaintiff appealed to this court.

*Redick & Briggs*, for appellant.

*G. B. Lake*, contra.

EATON *v.* BENDER.

The court, by LOCKWOOD, J., held that, inasmuch as the plaintiffs did not assert their liens as the same were given under the mechanics' lien law, they had no interest in the premises at any time before the foreclosure sale, by which they were entitled to be made defendants to that suit; that by virtue of judgments recovered afterward, they acquired no interest in the premises; that the proofs showed that the mortgage and the proceedings for its foreclosure were not made or had to defraud creditors, but were valid and effectual to vest a good title in Bender.

Decree affirmed.